BARTRAM et al. v. UNITED STATES (two cases).

UNITED STATES v. BARTRAM et al.

(Circuit Court, S. D. New York. December 9, 1896.)

Nos. 2,326, 2,341, and 2,386.

CUSTOMS DUTIES—REIMPORT OF AMERICAN MANUFACTURES—REGULATIONS AS TO PROOFS.

The regulations for making proof, under paragraph 387 of the tariff act of 1894, of the identity of articles of American manufacture, imported without change, after exportation, must be prescribed after the passage of the act, and those in force before its passage are not applicable. Accordingly, *held* that, until such regulations are made, there are none to be complied with to entitle such articles to free entry.

These were two appeals by Bartram Bros. from decisions of the board of general appraisers affirming the assessment of duty by the collector of the port of New York upon certain bags, coverings of sugar, imported by the appellants, and claimed by them to be entitled to free entry, under paragraph 387 of the tariff act of 1894, as bags of American manufacture, exported empty, and returned filled with foreign produce. The collector rejected this claim, on the ground that the fact was not proved in accordance with the treasury regulations of 1892. The third appeal was by the government from a decision in a like case, sustaining the sufficiency of the proof.

Benjamin Barker, for the importers.
H. D. Sedgwick, Asst. U. S. Atty.

WHEELER, District Judge. These importations are of domestic bags, imported by the exporter, and claimed to be free of duty, under paragraph 387 of the tariff act of 1894. In the two former cases this claim appears to have been rejected, because proof was not made "in the form required by article 336 of the treasury regulations of 1892," and reversal of the other is sought for the same reason. But proof under this paragraph of the act of 1894 was to be made, under general regulations "to be prescribed by the secre-

tary of the treasury" in the future, and prior regulations would not apply. None had been made under this paragraph at the time of these importations, and therefore none applicable were then in force. The failure to make them would not cut off nor suspend the right, but would leave none to be complied with. U. S. v. Mercadante, 18 C. C. A. 431, 72 Fed. 46, and Dominici v. U. S., 72 Fed. 46.

Decision of appraisers reversed in two former cases, and affirmed in the latter.