(C. D. 1491)

TONKIN DISTRIBUTING Co. *v.* UNITED STATES.

United States Customs Court, Third Division

(Decided December 23, 1952)

*Lawrence, Tuttle & Harper* (*Walter I. Carpeneti* of counsel) for the plaintiff.
*Charles J. Wagner*, Acting Assistant Attorney General (*John J. Antus* and *Daniel I. Auster*, special attorneys), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges; CLINE, J., not participating

EKWALL, Judge: These three protests were consolidated and tried at the port of San Francisco. The merchandise consists of what is described on the invoices as Pernod 40%, Pernod 40°, and Pernod Fils 40°. Entry 7001 covered by protest 980785–G also involves a commodity invoiced as "Amer Picon." All of the merchandise, with the exception of that covered by entry 5794, protest 980785–G, was assessed at the rate of $5 per proof gallon under the provisions of paragraph 802 of the Tariff Act of 1930. As to said entry 5794, which the red-ink notations on the face thereof show 2.73 per centum sugar content, assessment was made at the rate of $2.50 per proof gallon under the same paragraph. In addition to the regular customs duty, internal revenue taxes were also assessed. However, as plaintiff has abandoned the claim as to such taxes, we will not consider that claim. Various other claims are made, but in the brief filed on behalf of the plaintiff the following statement is made:

\* \* \* the plaintiff now urges only that duty should be $2.50 rather than $5 per gallon.

As to the Amer Picon, counsel have entered into a stipulation as follows:

1) That the merchandise herein involved, which is indicated on the invoice by the letter "A" and the initials ZSB of Customs Examiner Z. S. Brown, and was assessed with duty under the Tariff Act of 1930 at the rate of $5 per proof gallon under paragraph 802, is the same in all material respects as the Amer Picon which in Burke v. US, C. D. 253, was held to be dutiable at $2.50 per proof gallon under paragraph 802 and the French trade agreement, T. D. 48316.

2) That the record in said decided case may be incorporated in evidence herein.

Paragraph 802, *supra*, is in the following language:

Brandy and other spirits manufactured or distilled from grain or other materials, cordials, liqueurs, arrack, absinthe, kirschwasser, ratafia, and bitters of all kinds containing spirits, and compounds and preparations of which distilled spirits are the component material of chief value and not specially provided for, $5 per proof gallon.

As amended by the trade agreement with France (T. D. 48316), in effect at the various times of importation of the instant merchandise, the rate on "cordials, liqueurs, kirschwasser, and ratafia," was reduced to $2.50 per proof gallon.

The appraiser's report in evidence covering the entries involved in protest 980785–G reads as follows:

B 3907, B 4328, B 7001A, B 6237:

The merchandise is described on the invoices covering these shipments as Pernod 40 or Pernod 40%, the bottles being labeled Pernod Fils and also bearing the words Liqueur d'Anis.

This commodity is known as Pernod and is not the cordial known as Anisette but a substitute for absinthe or imitation absinthe which does not contain the objectionable features of that prohibited article.

The Chemist's reports showed that the merchandise in the shipments contained less than 2½% sugar, so the invoices were accordingly classified as a Spirituous Beverage under proof at $5.00 per gallon under Paragraph 802 plus the Internal Revenue Tax of $2.00 per gallon ($2.25 per gallon on and after July 1, 1938).

B 5794:

This invoice covered merchandise invoiced as Pernod 40% and in which the bottles were labeled Pernod Fils Liqueur d'Anis. Two bottles from this shipment were sent to the Chemist, who reported that the contents of one contained 2.73% sugar and the contents of the other contained 2.74% sugar. Upon these reports, which showed more than 2½% sugar, this office classified this invoice as Liqueur under proof at $2.50 per gallon, plus the Internal Revenue Tax of $2.00 ($2.25 per gallon on and after July 1, 1938).

B 7001B:

The merchandise covered by this protest and described in the invoice as Amer Picon is a spirituous bitters under proof. It is not a cordial or liqueur, and was properly classified as a Spirituous Bitters under proof and returned for duty under Paragraph 802 at $5.00 per gallon plus the Internal Revenue Tax of $2.00 per gallon ($2.25 per gallon on and after July 1, 1938).

There was also introduced into evidence on behalf of the plaintiff the United States chemist's laboratory reports covering entries B 4328, B 6237, and B 7001A, involved in protest 980785–G, and entry B 7685 involved in protest 993709–G. Plaintiff also introduced into evidence the testimony of Mr. John R. Iusi, who is the comptroller of the successor firm to the plaintiff herein. His testimony was in substance as follows: The said firm is engaged in the sale of distilled spirits, liqueurs, and cordials. He has bought and sold cordials and liqueurs since 1941, with the exception of the years 1943 to the early part of

1946. Prior thereto, he was employed by Schenley Import Co., his duties consisting of transmitting orders under the control of the import manager, to foreign exporters, as an agent for various lines. While engaged in such duties, he dealt in "Scotches, liqueurs, wines." He had been acquainted with a commodity known as Pernod since 1938 and is acquainted with the merchandise described on the invoices before the court. He produced and there was admitted into evidence as illustrative exhibit A a bottle of what he termed identical merchandise, labeled "Pernod Fils." He never has tasted Pernod Fils but stated that it is classified in the trade as liqueur. His testimony was that the trade uses a reference book entitled "1947 Red Book Encyclopaedic Directory of the Alcoholic Beverage Industries." Photostatic copies of the title page of said volume and also of page 135 thereof were received into evidence as collective exhibit 6. According to the testimony of this witness, there is a specific formula for Pernod, owned by Pernod Fils, and at the time of the hearing this commodity was produced in Penn Yan, N. Y.

On cross-examination, this witness stated that he did not know whether Pernod was made outside of the United States at the time of the trial and that his firm does not import any. He had no knowledge as to whether more than one formula was in existence for the commodity, but in answer to the question:

You don't know that other formulas do or do not exist?

the witness replied:

Not to my knowledge.

We interpret this to mean that to his knowledge no other formulas were in existence.

The remainder of his testimony on cross-examination was devoted to giving prices in the United States for Pernod, the quantities sold, whether sales by the plaintiff were restricted, etc., none of which was pertinent to the issue here presented.

In the brief filed on behalf of the plaintiff, the attention of the court is directed to certain decisions of the Court of Customs and Patent Appeals involving definitions of cordials and liqueurs and attempt is made to bring the instant commodity within the purview of those decisions. In the case of *United States* v. *Julius Wile Sons & Co., Inc.*, 36 C. C. P. A. (Customs) 99, C. A. D. 404, among those cited as involving a similar issue to that presented here, the court had before it a commodity described as Liqueur Veritas which was held to be properly dutiable as a liqueur under paragraph 802, *supra*, rather than under that paragraph and paragraph 812 of the same act as an imitation of absinthe. However, in that case considerable competent and apparently convincing testimony was introduced upon which the

decision of the court was based. (See decision below in *Julius Wile Sons & Co. Inc.* v. *United States*, 20 Cust. Ct. 88, C. D. 1089.) In the instant case the only evidence as to the components of the commodity Pernod consists of the report of the Government official relative to certain entries covered by protest 980785–G, which states that Pernod "does not contain the objectionable features of that prohibitive article" [absinthe], and the chemist's reports as to the sugar content. The witness Iusi failed to throw any light on the ingredients used or contents of Pernod, although he stated that it was classified on the price list under liqueurs and that there is a specific formula for this commodity. His testimony was that he had been familiar with a commodity known as Pernod since 1938. It is noted that the importations here involved, with one exception, were entered prior to that year. The book (collective exhibit 6, *supra*), which the witness stated was used as a reference book by the trade, bears in its title the date 1947, whereas the instant merchandise was imported during the years 1935, 1936, 1937, and 1938. This in no way helps to establish that at a time 9 or more years prior to 1947 the merchandise in suit was classified as a liqueur.

Plaintiff's counsel in the brief filed admits that the evidence establishes that the commodity is a substitute for absinthe or imitation absinthe. Paragraph 812 of the Tariff Act of 1930 provides that "all imitations of brandy, spirits, or wines imported by any names whatever shall be subject to the highest rate of duty provided for the genuine articles respectively intended to be represented, and in no case less than $5 per proof gallon."

Upon this record, we find that plaintiff has failed to present proof sufficient to overcome the presumption of correctness attaching to the collector's assessment insofar as it involves the commodity invoiced as Pernod 40%, Pernod 40°, and Pernod Fils 40°. As to that merchandise, plaintiff's claims are overruled.

As to the Amer Picon covered by entry 7001B in protest 980785–G, in view of the stipulation of counsel above set forth, we hold that to be dutiable at $2.50 per proof gallon under paragraph 802, *supra*, as modified by the French Trade Agreement, T. D. 48316, and sustain plaintiff's claim as to that merchandise which is indicated on the invoice by the letter "A" and the initials ZSB of Customs Examiner Z. S. Brown.

Judgment will be rendered accordingly.