## LEGG *v.* HEDDEN, Collector.

*(Circuit Court, S. D. New York.  February 4, 1889.)*

1. CUSTOMS DUTIES—RIGHTS OF IMPORTERS—PROTEST—DIFFERENT CLAIMS.
    A protest against the exaction of duty is sufficiently distinct and specific to satisfy the requirements of section 2931, Rev. St. U. S., notwithstanding it contains a number of different, and perhaps inconsistent, claims.

2. SAME—NON-ENUMERATED GROUND.
    An importer cannot recover in an action against a collector on any ground not fully and distinctly set forth in his protest.

3. SAME—MISLEADING STATEMENTS.
    Where an importer claims in his protest that his goods are dutiable as non-enumerated manufactured articles, under the provisions of section 2513, Rev. St., but also makes statements and allegations of fact in the protest which are calculated to mislead the collector, and relying upon which the collector finds the articles to be enumerated by virtue of the provisions of section 2499, Rev. St., for articles composed of two or more materials, he cannot recover in the action by proving facts which, while they tend to show that the articles imported are non-enumerated, are inconsistent with, and in contradiction of, the allegations of the protest on which the collector relied.

4. SAME.
    Where an importer has alleged in his protest that articles imported by him are "composed of crude feathers or downs, feathers the component material of chief value," and claimed that they are dutiable at 25 per cent., under section 2499, Rev. St., and Schedule N of the act of March 3, 1883, as a manufacture of which crude feathers or downs are the component materials of chief value, and has also separately claimed them to be dutiable, as non-enumerated manufactured articles, at 20 per cent., under section 2513, Rev. St., and it appears upon the trial that down is the component material of chief value, the importer cannot recover upon the ground that down, the component material of chief value, is on the free list, and his articles are therefore non-enumerated, as that claim is inconsistent with the allegations of his protest.

At Law.

This was an action against a former collector of the port of New York, to recover duties alleged to have been exacted in excess of the lawful rate on certain feather trimmings imported by the plaintiff.  The collector had classified the goods for duty under the provisions in Schedule N of the tariff act of March 3, 1883, for "feathers dressed, colored, or manufactured."  The importer, protesting against the exaction of this rate of duty, served upon the collector a notice of dissatisfaction, in the following form:

"NEW YORK, Dec. 2, 1885.

"*Hon. Edward L. Hedden, Collector of Customs, New York*—SIR: We hereby protest against your decision and assessment of duties as made by you on our importations below mentioned, consisting of certain feather trimmings, other than millinery, composed of crude feathers or downs fastened with a gluish substance on strips of cotton cloth, imitating fur, feathers the component material of chief value, claiming said goods are not manufactured feathers in the meaning of the law, and are dutiable—*First*, as a non-enumerated manufacture, under section 2513, act March 3, 1883, at only 20 per cent. *ad valorem;* or, *second*, at only 25 per cent., as a manufacture of which crude feathers or downs are the component materials of chief value, under section 2499, and Schedule N, of said act; or, *third*, at only 30 per cent., under said section and schedule, as imitation of fur; or, *fourth*, at no more than

the highest rate chargeable on any of its component parts, viz., cotton cloth, under Schedule J of said section of said act, and not at 50 per cent. *ad valorem,* as manufactured feathers, or as charged by you.

[Signed] ·                    "CHAS. CURIE, Attorney,
                              "44 Exchange Place, N. Y.
                              "For STRAUS, LEGG & Co."

At the beginning of the trial, plaintiff's counsel announced his intention of relying upon the claim that his article was a non-enumerated manufactured article, dutiable at 20 per cent. under the provisions of section 2513, Rev. St., without waiving or relinquishing any of the other claims of the protest. He also announced that he should base this claim upon the fact that feather trimming was not specifically enu merated in the tariff act, and that its component material of chief value was down, which was on the free list. The plaintiff then adduced evidence tending to show that the goods in question consisted of soft turkey down glued on strips of cotton cloth, and that the down was the component material of chief value. The defendant called several witnesses who had manufactured goods similar to plaintiff's importations, and who testified that they were made of turkey feathers, from which the quill had been cut away, leaving the soft outer part of the feather, which had been glued on the cloth. The court submitted to the jury for a special verdict the question whether the plaintiffs importations were made of feathers or of downs. The jury found that they were made of downs. Counsel for defendant thereupon moved for the direction of a verdict in favor of defendant on the grounds: (1) That the protest relied on by plaintiff did not distinctly and specifically set forth the ground of plaintiff's objection to the action of the collector in assessing duty, within the meaning of section 2931 of the Revised Statutes, for the reason that it contained four different and inconsistent claims, and showed that at the time of its service the importer had been himself unable to determine what provision of the tariff applied to his goods, or under which he should claim. (2) That as plaintiff had in the protest informed the collector that feathers were the component material of chief value, and that the goods were composed of crude feathers, or downs, (obviously using these as synonymous terms,) provided for in Schedule N of the tariff act, (where feathers are provided for and downs are nowhere mentioned,) he could not now be heard to claim that the component material of chief value was on the free list, thus rendering his article a non-enumerated manufacture, because such a claim was not made in his protest, but was inconsistent with, and in contradiction of, the averments of the same; that no such claim had ever been brought to the attention of the collector; and that plaintiff could not now shift his ground, and recover on a claim not distinctly and specifically made in the protest.

*Charles Curie, Stephen G. Clarke,* and *Edwin B. Smith,* for plaintiff, cited:

*Elliott* v. *Swartwout,* 10 Pet. 137; *Barney* v. *Watson,* 92 U. S. 451; *Cary* v. *Curtis,* 3 How. 236; *Thompson* v. *Perkins,* 57 Me. 290; *Nichols* v. *U. S.,* 7 Wall. 130; *Wright* v. *Blakeslee,* 101 U. S. 179; *Greely* v. *Burgess,* 18 How. 413; *Swanston* v. *Morton,* 1 Curt. 294; *Christ* v. *Maxwell,* 3 Blatchf. 129; *Converse* v. *Burgess,* 18 How. 413; *Boker* v. *Bronson,* 4 Blatchf. 472; *Mason*

v. *Kane,* Taney, 173; *Arthur* v. *Morgan,* 112 U. S. 495, 5 Sup. Ct. Rep. 241; *Oberteuffer* v. *Robertson,* 116 U. S. 516, 6 Sup. Ct. Rep. 462.

*Stephen A. Walker,* U. S. Atty., and *W. Wickham Smith,* Asst. U. S. Atty., for defendant, cited:

*Sadler* v. *Maxwell,* 3 Blatchf. 134; *Davies* v. *Arthur,* 13 Blatchf. 34, 96 U. S. 148; *Smith* v. *Schell,* 27 Fed. Rep. 648; *Cummins* v. *Robertson,* Id. 654; *Thomson* v. *Maxwell,* 2 Blatchf. 392; *Stalker* v. *Maxwell,* 3 Blatchf. 138; *Swanston* v. *Morton,* 1 Curt. 294; *Kriesler* v. *Morton,* Id. 413; *Focke* v. *Lawrence,* 2 Blatchf. 508; *Crowley* v. *Maxwell,* 3 Blatchf. 404; *Curtis* v. *Fiedler,* 2 Black, 461; *Burgess* v. *Converse,* 2 Curt. 223.

LACOMBE, J., (*orally.*)  The jury having found that the goods in suit are composed of downs; and the evidence showing that the downs in them are the component material of chief value; and it further appearing from the tariff act that downs are on the free list, the articles imported, under the decision of the late chief justice in *Hartranft* v. *Sheppard,* 125 U. S. 337, 8 Sup. Ct. Rep. 920, are dutiable properly at 20 per cent. *ad valorem,* under section 2513, as a non-enumerated article.  To the registration of such a verdict, however, the defendant makes two objections, springing from the form of protest:

1. That it is multifarious.  I appreciate fully the force of the argument, and the difficulties which will undoubtedly surround the entire subject, if multifarious protests are to be recognized by the law.  If a man may state in the alternative two separate paragraphs, and claim that the article is dutiable under either, he may, if, for instance, there is any silk in it, enumerate every single one of the silk paragraphs in the statute, and claim that it is dutiable under some one of them.  But I do not find in the language of the statute itself any express provision that the party protesting, or giving his notice of dissatisfaction, must restrict himself to any one particular rate of duty which he may claim that his goods should pay.  Nor do I find that any of the authorities go to the length of holding that he shall do so.  Under those circumstances, to stamp the protest as void because it is multifarious, would seem to be legislation, rather than a construction of the statute.

2. The other objection, however, is more serious.  The position of the case is now (and of course that was the position of the case all the time) that the article is not to be taken as enumerated in any of the sections preceding section 2513, because its component material of chief value is on the free list.  That is the only fact by reason of which it can be claimed that this was a non-enumerated article, and therefore open to the operation of section 2513.

Now, the question is, did this protest, when fairly interpreted, set forth that as the ground of objection to the collector's ruling?  Did it express such an opinion in such plain and intelligible terms as would call the collector's attention to it?  These documents of course are, as has been held many times, business documents.  They are not prepared by lawyers, and they are not to be construed with the strictness that a legal document might be.  It is to be assumed that they are prepared by the

merchants themselves; and that they are such documents, couched in such plain language, as would be used by a layman of intelligence, and of business capacity, to express the grounds of his objection. *Per contra,* they must be expressed in such terms that the collector, who is also a layman (for the statute does not require that he shall be a lawyer, although it happens that he frequently is one) will be able from them to gather plainly what the meaning of the protestor is. The rule has been best expressed in one of the latest cases,—that of *Arthur* v. *Morgan,* 112 U. S. 495, 5 Sup. Ct. Rep. 241,—where it is said that the protest need not be made with technical precision, but it is sufficient if it shows fairly that the objection afterwards made was at the time in the mind of the party, and was brought to the knowledge of the collector, to the end that he might ascertain the precise facts.

Looking at this protest I am unable to reach the conclusion that it plainly expresses, or, in the language of the court, that it shows fairly that the objection made was that because the component material of chief value was on the free list it was a non-enumerated article, and therefore open to the operation of section 2513. It is true that it uses the word "downs" in three or more places; but it always is as the alternate of the word "feathers." "Down" is nowhere referred to as the antithesis of "feathers;" nor is the circumstance that downs are on the free list in any wise indicated as operating to make the article non-enumerated. I do not think that the collector at that time, knowing all that we know now, on receiving such a protest as this, would fairly draw from it the conclusion that the real objection of the party on the other side was that, because the component material of chief value was a free-list article, therefore the operation of the component material clause of section 2499 would not apply; and that in consequence the article would, at the conclusion of the tariff paragraphs, remain unenumerated, and therefore open to the operation of section 2513. I therefore, despite the answer of the jury to the question, shall direct a verdict for the defendant.