**No. 40344.**—Protest 695138–G of Langfelder, Homma & Hayward, Inc. (Seattle).

SULLIVAN, Judge: This is a very multifarious protest.  It relates to "beach balls and footballs and similar merchandise."  It claims this merchandise dutiable "according to the component material of chief value at the following rates of duty."  Then follow nearly 20 claims under various paragraphs of the Tariff Act of 1930.  The first of these claims is that the balls in question "and similar merchandise" are dutiable "at 40% under par. 1541 (musical instruments)."  How can balls "and similar merchandise" be dutiable according to the component material of chief value of musical instruments?  Then follow claims under the metal paragraph (397); the cotton paragraph (923); the wool paragraph (1120); the wood paragraph (412); the rubber, etc., paragraph (1537); the paper paragraph (1413); the papier-mâché, etc., paragraph (1403); the ball paragraph (1502); the bead paragraph (1503); the feathers, artificial fruit, etc., paragraph (1518); the floor covering paragraph (1021); the plaster of paris, etc., paragraph (205); the celluloid paragraph (31); and several other paragraphs unnecessary to mention, not at all applicable to balls and similar merchandise.  In fact, the only applicable paragraph to this merchandise is 1502, relating to balls, etc.  This

protest appears to fall within the recent decision of the appellate court in *United States* v. *Fred. Gretsch Mfg. Co., Inc.*, suit 4156, decided December 19, 1938.

However, the Government has not objected to the protest on the ground of multifariousness, but, on the contrary, has joined with the plaintiff in the following stipulation:

IT IS STIPULATED AND AGREED between the parties hereto, that the merchandise marked on the invoices with the letter "A" and checked by S. S. B., and covered by the entries enumerated above, and assessed with duty at 70% under paragraph 1513 of the Tariff Act of 1930 as toys, consists of uninflated rubber balls or so called beach balls, and rugby balls, identical in all respects to the merchandise the subject of *F. W. Woolworth Co.* v. *United States*, T. D. 48231, *United States* v. *F. W. Woolworth Co.*, T. D. 48770, and *Sprouse Reitz & Co.* v. *United States*, Abstract 27179, wherein the merchandise was held to be dutiable at 30% under paragraph 1502 of the Tariff Act of 1930.

IT IS FURTHER STIPULATED AND AGREED between the parties hereto, that the records in T. D. 48231, T. D. 48770, and Abstract 27179 be incorporated and made a part of the record in the protest noted above, and that the protest be deemed submitted on this stipulation.

First calendar call and right to amend waived.

That all the claims in the protests as to any other merchandise excepting the items marked with the letter as described hereinbefore are hereby abandoned.

The foregoing stipulation is an implied waiver by the Government of all defects in the protest, and is in effect a consent that the case be decided on the merits. Therefore, in view of the stipulation and the records incorporated thereby, we hold that the merchandise marked on the invoices with the letter A, and checked by S. S. B., covered by the entries herein, is not dutiable as assessed, but, as claimed, at 30 percent ad valorem under paragraph 1502 of said act.

The protest is sustained to this extent as to items A only. It is overruled in all other respects. Judgment accordingly.

### CONCURRING OPINION

BROWN, Judge: It is not for this court of its own motion to lug in questions of multifariousness in protests not raised by the defendant. Therefore, that question is not in this case.

The court of appeals in *United States* v. *Fred. Gretsch Mfg. Co., Inc.*, suit 4156, decided December 19, 1938, insists that that "equitable" doctrine applies to suits at law as well as "equity" in spite of the fact that the customs case they cite by Judge Lacombe in *Legg* v. *Hedden*, 37 Fed. 861, refused to apply the doctrine. Such doctrine has been applied in these customs suits at law in our court of appeals decisions only. There are no other cases *in other courts* where this equitable doctrine has been attempted to be applied at law.

In repudiating the doctrine, Judge Lacombe, who was among the most distinguished of customs judges, said:

The jury having found that the goods in suit are composed of downs; and the evidence showing that the downs in them are the component material of chief value; and it further appearing from the tariff act that downs are on the free list, the articles imported, under the decision of the late chief justice in *Hartranft* v. *Sheppard*, 125 U. S. 337, 8 Sup. Ct. Rep. 920, are dutiable properly at 20 per cent. *ad valorem*, under section 2513, as a nonenumerated article. To the registration of such a verdict, however, the defendant makes two objections, springing from the form of protest:

1. That it is multifarious. I appreciate fully the force of the argument, and the difficulties which will undoubtedly surround the entire subject, if multifarious protests are to be recognized by the law. If a man may state in the alternative two separate paragraphs, and claim that the article is dutiable under either, he may, if, for instance, there is any silk in it, enumerate every single one of the silk paragraphs in the statute, and claim that it is dutiable under some one of them. But I do not find in the language of the statute itself any express provision

that the party protesting, or giving his notice of dissatisfaction, must restrict himself to any one particular rate of duty which he may claim that his goods should pay. Nor do I find that any of the authorities go to the length of holding that he shall do so. Under those circumstances, to stamp the protest as void because it is multifarious, would seem to be legislation, rather than a construction of the statute.