(C.D. 2371)

PAN AMERICAN STANDARD BRANDS, INC. GEO. SANDERS & CO., INC. } *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 7, 1962)

*Julian O. McConnie, Jr.,* for the plaintiffs.
*Joseph D. Guilfoyle,* Acting Assistant Attorney General (*Murray Sklaroff,* trial attorney), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges; DONLON, J., dissenting

RICHARDSON, Judge: Two protests have been consolidated into one for trial. When the case was called for trial, the attorney for the defendant moved the court to dismiss the protests on the ground of untimeliness, in that the protests were filed after the expiration

of the 60-day period prescribed in 19 U.S.C.A., section 1514 (§ 514, Tariff Act of 1930).

An examination of the record reveals that the merchandise, which is the subject of the instant protests, consists of ground coffee and coffee preparation, imported into Puerto Rico from the United States by the plaintiffs, and assessed with duty by the collector at San Juan, P.R., at the rate of 36 cents a pound and 30 cents a pound, respectively, under 19 U.S.C.A., section 1319 (§ 319, Tariff Act of 1930), and Act No. 4 of July 11, 1935, of the Legislature of Puerto Rico, as amended, by resolution of the Secretary of Agriculture and Commerce, approved by the Governor of the Commonwealth of Puerto Rico on April 18, 1957, under authority of Act No. 77, approved on May 5, 1931, as amended by Act No. 95 of June 21, 1955. Protest No. 60/19758 is here at the instance of plaintiff Pan American Standard Brands, Inc., and was filed with the collector on March 25, 1960, and, due to a question raised as to power of attorney, was refiled on July 15, 1960. It embraces a total of 63 entries, only one of which, to wit, entry No. 8467, was forwarded by the collector to the court with the official papers. These 63 entries were purportedly liquidated on various dates between August 30, 1957, and December 7, 1959. Protest No. 60/19759 was filed by the plaintiff, Geo. Sanders & Co., Inc., with the collector on June 22, 1960. It covers a total of four entries, all of which have been forwarded by the collector to the court with the official papers. These four entries were purportedly liquidated on various dates, the earliest of which was July 8, 1957, and the latest of which was December 6, 1957.

The collector reviewed the alleged liquidations in accordance with law and affirmed his duty assessments thereunder upon the authority of section 1514, *supra*, stating that the protests were not received within the statutory period. And, on the basis of the record before us, there can be no question but that the instant protests were filed more than 60 days after the involved liquidations were made. Notwithstanding the existence of these uncontrovertible facts of record, the gist of plaintiffs' claims, as set forth in the protests, is that the subject liquidations and the duty assessments underlying them are void and illegal, because they are predicated upon an unconstitutional and illegal statute and executive resolution, in consequence of which, plaintiffs are entitled to a refund of excessive duties paid thereunder.

The aforementioned Federal statute and local laws and resolution of the Commonwealth of Puerto Rico, under which the involved duty assessments and liquidations were made, were the subject of examination by this court in *Pan American Standard Brands, Inc., et al.* v. *United States*, 43 Cust. Ct. 122, C.D. 2115. Under this statute and local laws, the duty assessments upon coffee imported into Puerto Rico was set at 15 cents a pound on raw coffee and 18 cents a pound on

roasted or ground coffee prior to April 18, 1957. With the issuance of the aforementioned executive resolution, based upon a provision contained in Act No. 95, *supra*, these duty assessments were increased to 30 cents a pound on raw coffee and 36 cents a pound on roasted or ground coffee, effective April 18, 1957. As in the case at bar, the importations of coffee in *Pan American Standard Brands, Inc., et al.* v. *United States*, *supra*, were also subjected to these increased assessments of duty by the collector of customs at the port of San Juan, P.R. In that case, we held to be unconstitutional and void that portion of Act No. 95, *supra*, under which the legislature of Puerto Rico delegated authority to the Puerto Rican Secretary of Agriculture and Commerce to increase or decrease the duties on coffee importations under stated circumstances and conditions. We found such provision in the statute to be lacking in objective standards with which to guide executive authority in the exercise of the delegated power. We also held, in that case, that the implementing executive resolution and the duty assessments based thereon were likewise void.

In *Pan American Standard Brands, Inc., et al.* v. *United States*, *supra*, the question which is here presented, namely, the question as to the timeliness of a protest filed under section 1514, *supra*, was not before the court, inasmuch as the protests were filed within the statutory period. However, in *C. O. Mason, Inc.* v. *United States*, protest number 60/19760, previously decided, this precise question was raised and decided. In that case, we held, on essentially the same facts which are before us under the instant protests, that the liquidations there involved were illegal and void, for the reasons discussed in C.D. 2115, and, further, that such void liquidations were, in effect, inoperative and that the protest based upon such liquidations was prematurely filed under section 1514, *supra*.

In our opinion, the same disposition is indicated for the involved liquidations. Therefore, following our decision in *C. O. Mason, Inc.* v. *United States*, *supra*, we hold that the liquidations and duty assessments covered by the instant protests are illegal and void, and that the protests herein, which have been filed against such liquidations, are premature, there being no legal liquidations of record against which protests will lie pursuant to section 1514, *supra*. It is the collector's duty to assess duties against the involved entries and liquidate the same in the manner provided by law, so that the plaintiffs may have an opportunity to duly protest against such liquidations if they be so advised. For the reasons stated herein, the protests are dismissed.

Judgment will be entered accordingly.

DISSENTING OPINION

DONLON, Judge: As stated in my dissent in *C. O. Mason, Inc.* v. *United States*, 49 Cust. Ct. 89, C.D. 2364, I am of opinion that defend-

ant's position here is correct.   These protests were filed too late and should be dismissed.   That is the only decision consistent with our decision in *Pan American Standard Brands, Inc.* v. *United States*, 43 Cust. Ct. 122, C.D. 2115, where we sustained the protests.

It is stating the obvious to say that no protest can be sustained unless it is timely, and that it can be timely only if there has been an antecedent liquidation which the importer has the statutory right to protest.   We sustained the *Pan American* protests.   Here, too, there has been a liquidation.

The authority of the collector to liquidate does not derive from the statute here held to be invalid.   His authority to liquidate derives from section 505 of the Tariff Act of 1930.   All that 19 U.S.C.A., section 1319 (the invalid statute), did was to authorize the legislature of Puerto Rico to fix tariff duties on coffee.   We have held that, as enacted by Congress, this was an unconstitutional delegation of the legislative power and, therefore, tariff legislation pursuant to it was void.

That is to say, the collector had no lawful right to assess the duties which he did assess.   He had a lawful right, and in fact a duty, to liquidate entries; and on timely protest, we could, and, in the *Pan American* case did, direct appropriate reliquidation.

The sole recourse which Congress provides for an importer claiming injury because the collector has exacted unlawful duties, is by protest.   Such protest must be timely.   Here, the protests were not timely.