(C.D. 2523)

MEXICAN PETROLEUM CORP. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 5, 1965)

*Sharretts, Paley & Carter* (*Eugene F. Blauvelt* and *M. Barry Levy* of counsel) for the plaintiff.

*John W. Douglas,* Assistant Attorney General (*Charles P. Deem,* trial attorney), for the defendant.

Before DONLON and RICHARDSON, Judges; DONLON, J., concurring

RICHARDSON, Judge: The merchandise which is the subject of this protest consists of residual fuel oil that was exported from Curacao, Netherlands West Indies, and entered at Providence, R.I. The merchandise was classified under the provisions of 19 U.S.C.A., section 1201, paragraph 1733 (paragraph 1733, Tariff Act of 1930, as amended), and assessed with duty at the rate of ½ cent per gallon

under the provisions of 26 U.S.C.A., sections 3420 and 3422 (sections 3420 and 3422, Internal Revenue Code of 1939).

The instant protest was filed against the collector's refusal to cancel his liquidation of May 22, 1951, as requested by the plaintiff, and liquidate the subject entry in accordance with the requirements of the tariff act. It is claimed, among other things, that, by reason of clerical error, the involved entry was liquidated prematurely. The protest was submitted to the court for decision upon a stipulation which reads as follows:

IT IS HEREBY STIPULATED AND AGREED between the parties hereto, that the above enumerated protest involves an importation of fuel oil derived from petroleum, the product of the Kingdom of the Netherlands (including its overseas territories) entered for consumption at the Port of Providence, Rhode Island, on April 12th, 1951.

IT IS FURTHER AGREED that it was the practice of the Collector of Customs at the Port of Providence, Rhode Island, to assess Internal Revenue tax on such imports in accord with the provisions of the Venezuelan Trade Agreement reported in T.D. 50015, the quota amounts published in T.D. 52684, and the Bureau of Customs letter dated March 1st, 1951, a true and correct copy of which is marked "Exhibit 1" and attached to this stipulation.

IT IS FURTHER STIPULATED that it was the practice of the Collector to withhold liquidations of entries such as that covered by this protest until receipt of notice from the Bureau of Customs telling him of the date upon which the quota amount allocated to the Kingdom of the Netherlands had been filled.

IT IS FURTHER STIPULATED that the Collector was not notified of said date until he received Bureau of Customs letter dated August 16th, 1951 from which he learned that said date was March 16th, 1951. A true and correct copy of Bureau of Customs letter dated August 16th, 1951 is attached hereto and marked "Exhibit 2".

IT IS FURTHER STIPULATED that the entry covered by the instant protest was posted for liquidation, inadvertently by a clerk in the collector's office, on May 22nd, 1951, some months prior to receipt of Bureau of Customs letter marked "Exhibit 2".

IT IS FURTHER STIPULATED that the invoice and all other papers included in the protest file, subject to the order of the Court, may be received in evidence and that the copies of documents marked Exhibits 1 and 2 attached to this stipulation may be marked in evidence as Exhibits 1 and 2 respectively.

IT IS FURTHER STIPULATED that the Collector would have assessed the same rate and amount of Internal Revenue tax as was assessed in the liquidation of May 22nd, 1951 had liquidation been withheld until after August 16th, 1951.

The protest is limited to the claim that such entry should be reliquidated by reason of the discovery of a clerical error within one year of the date of entry and is submitted upon this stipulation.

There is no question but that the alleged clerical error complained of herein was discovered within 1 year of the making of the subject entry, and that the instant protest, complaining of such error, among other things, was filed within the statutory period prescribed by 19

U.S.C.A., section 1514 (section 514, Tariff Act of 1930), following the collector's refusal to rectify the error upon and in accordance with plaintiff's request. The principal issue before the court is whether liquidation of the subject entry on May 22, 1951, under the circumstances of record, before ascertainment of the date of the filling of the tariff-rate quota on such merchandise, constitutes clerical error within the meaning of 19 U.S.C., 1946 edition, section 1520(c)(1) (section 520(c)(1), Tariff Act of 1930, as amended by the Customs Administrative Act of 1938).

The issues raised in the protest at bar have previously been considered and decided by this court in the companion protest of *Shell Oil Co.* v. *United States*, 54 Cust. Ct. 64, C.D. 2509, upon stipulated facts which are essentially the same as are the stipulated facts now before us. In the *Shell Oil Co.* case, we held the issue of the prematurity of the liquidation to be moot because, no error having been made in the duty assessment, no effectual relief whatever could be granted to the plaintiff there by a decision in its favor by reason of the premature liquidation. Accordingly, we dismissed the protest as being moot in that case. That decision is controlling here. Therefore, following our decision in *Shell Oil Co.* v. *United States, supra*, we hold that the instant protest presents a moot question, in consequence of which, the protest is dismissed.

Judgment will be entered accordingly.

### CONCURRING OPINION

DONLON, Judge: The protest, filed May 8, 1952, recites as to the liquidation of May 22, 1951, that it was "in violation of section 505 of the Tariff Act of 1930 because it preceded the receipt of the report of the Bureau of Customs dated August 16, 1951, file 343.3, one of the reports contemplated by said section 505 and because it was contrary to the spirit and intent of the Bureau of Customs Circular letter No. 2732 dated March 1, 1951, file 343.3."

The reports recited in section 505 are the appraiser's report and "various reports of landing, weight, gauge, or measurement." There is no contention that any of these reports had not been received at the time of liquidation. No other reports are mentioned in section 505. There is nothing of record that identifies the August 16, 1951, file 343.3, as a report of the kind of any of the reports enumerated in section 505, receipt of which are prerequisites to liquidation.

Inadvertent as the liquidation seems to have been, due to the clerical error of an employee, there is no showing in the record before us that the collector failed to comply with the statutory requirements of liquidation under section 505.