149

AMERICAN BITUMULS COMPANY *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 5, 1965)

*Sharretts, Paley & Carter* (*Eugene F. Blauvelt* and *M. Barry Levy* of counsel) for the plaintiff.

*John W. Douglas,* Assistant Attorney General (*Charles P. Deem,* trial attorney), for the defendant.

Before DONLON and RICHARDSON, Judges; DONLON, J., concurring

RICHARDSON, Judge: The merchandise which is the subject of this protest consists of Boscan (Venezuela) crude oil that was exported from Venezuela and entered at Mobile, Ala. The merchandise was classified under the provisions of 19 U.S.C.A., section 1201, paragraph 1733 (paragraph 1733, Tariff Act of 1930, as amended), and assessed with duty at the rate of ½ cent per gallon under the provisions of 26 U.S.C.A., sections 3420 and 3422 (sections 3420 and 3422, Internal Revenue Code of 1939).

The instant protest was filed against the collector's refusal to cancel his liquidation of August 29, 1951, as requested by the plaintiff, and liquidate the subject entry in accordance with the requirements of the tariff act. It is claimed, among other things, that, by reason of clerical error, the involved entry was liquidated prematurely. The protest was submitted to the court for decision upon a stipulation which reads as follows:

IT IS HEREBY STIPULATED AND AGREED between the parties hereto that the above enumerated protest involves an importation of crude petroleum,

the product of Venezuela, entered for consumption at the Port of Mobile, Alabama, on July 23rd, 1951.

IT IS FURTHER AGREED that it was the practice of the Collector of Customs at the Port of Mobile, Alabama, to assess Internal Revenue tax on such imports in accord with the provisions of the Venezuelan Trade Agreement reported in T.D. 50015, the quota amounts published in T.D. 52684, and the Bureau of Customs telegram dated May 24th, 1951, a true and correct copy of which is marked "Exhibit 1" and attached to this stipulation.

IT IS FURTHER STIPULATED that it was the practice of the Collector to withhold liquidations of entries such as that covered by this protest until receipt of notice from the Bureau of Customs telling him of the date upon which the quota amount allocated to Venezuela had been filled.

IT IS FURTHER STIPULATED that the Collector was not notified of said date until he received Bureau of Customs' letter dated September 12th, 1951 whereby he learned that said date was June 19th, 1951. A true and correct copy of Bureau of Customs' letter dated September 12th, 1951 is attached hereto and marked "Exhibit 2."

IT IS FURTHER STIPULATED that the entry covered by the instant protest was posted for liquidation, inadvertently by a clerk in the Collector's office, on August 29th, 1951, several days prior to receipt of Bureau of Customs' letter marked "Exhibit 2."

IT IS FURTHER STIPULATED that the invoice and other entry papers included in the protest file, subject to the order of the Court, may be received in evidence and that the copies of documents marked Exhibits 1 and 2 attached to this stipulation may be marked in evidence as Exhibits 1 and 2 respectively.

IT IS FURTHER STIPULATED that the Collector would have assessed the same rate and amount of Internal Revenue tax as was assessed in the liquidation of August 29th, 1951 and [sic] liquidation been withheld until after September 12th, 1951.

The protest is limited to the claim that such entry should be reliquidated by reason of the discovery of a clerical error within one year of the date of entry and is submitted upon this stipulation.

The alleged clerical error complained of herein was discovered within 1 year of the making of the subject entry; and the instant protest, complaining of such error, among other things, was filed within the statutory period prescribed by 19 U.S.C.A., section 1514 (section 514, Tariff Act of 1930), following the collector's refusal to rectify the error upon and in accordance with plaintiff's request. The principal issue before the court is whether liquidation of the subject entry on August 29, 1951, under the circumstances of record, before ascertainment of the date of the filling of the tariff-rate quota on such merchandise, constitutes clerical error within the meaning of 19 U.S.C., 1946 edition, section 1520(c)(1) (section 520(c)(1), Tariff Act of 1930, as amended by the Customs Administrative Act of 1938).

The issues raised in the protest at bar have previously been considered and decided by this court, February 1, 1965, in the companion protest of *Shell Oil Co.* v. *United States*, 54 Cust. Ct. 64, C.D. 2509, upon stipulated facts which are essentially the same as are the stipu-

lated facts now before us. The only noteworthy, though inconsequential, factual difference which exists between the *Shell Oil Co.* case and the case at bar is that, in the *Shell Oil Co.* case, we were concerned with the tariff-rate quota amounts allocated to products of the Kingdom of the Netherlands (including its overseas territories) under the Venezuelan Trade Agreement reported in T.D. 50015, while, in the case at bar, we are concerned with the quota amounts allocated to Venezuelan products under that trade agreement. In the *Shell Oil Co.* case, we held the issue of the prematurity of the liquidation to be moot because, no error having been made in the duty assessment, no effectual relief could be granted to the plaintiff in a decision in its favor, by reason of the premature liquidation. Accordingly, we dismissed the protest as being moot in that case. That decision is controlling here. Therefore, following our decision in *Shell Oil Co.* v. *United States*, *supra*, we hold that the instant protest presents a moot question, in consequence of which, the protest is dismissed.

Judgment will be entered accordingly.

CONCURRING OPINION

DONLON, Judge: The protest recites dissatisfaction with and protests the refusal of the collector to reliquidate to correct a clerical error. It further claims that liquidation was premature and, hence, that it is illegal, null, and void.

Liquidation was inadvertent. The inadvertence was due to what we have held amounted to a clerical error. Reliquidation under section 520 to correct that error would have resulted in assessment at the same rate and amount as the duty which the collector assessed.

There is nothing of record to show that the collector failed to comply with any obligation laid on him by section 505, the section under which plaintiff claims that the liquidation was null and void. Proof of clerical error does not suffice to prove noncompliance with section 505.

There are no facts in the record before us which support extension of *United States* v. *Pan American Standard Brands, Inc.* [*C. O. Mason, Inc.*], 51 CCPA 107, C.A.D. 844, affirming 49 Cust. Ct. 129, C.D. 2371, to a case such as this, where liquidation was merely inadvertent and involved only a clerical error or mistake of fact, in the sense in which those terms are used in section 520.