APRIL 5, 1965

No. 69233.—Shell Oil Co. *v.* United States, protest 195630–K.—
——C.D. 2509. Plaintiff's application for rehearing denied by order of RICHARDSON, J.; DONLON, J., concurring.

RICHARDSON, Judge: This case is before the court upon a motion for rehearing made by the plaintiff against a decision by this court, *Shell Oil Co. v. United States*, 54 Cust. Ct. 64, C.D. 2509. The motion is opposed by the defendant.

The plaintiff filed a protest claiming clerical error under 19 U.S.C.A., section 1520(c)(1) (Tariff Act of 1930, section 520(c)(1)), in that a premature liquidation of an entry subject to tariff quota had been made prior to receipt of the letter from the Bureau of Customs officially advising the date the quota had been filled. A stipulation was submitted reciting these facts and stating that the rate

would be ½ cent per gallon of fuel oil whether the liquidation was before or after the receipt of the Bureau of Customs letter.

Plaintiff indicates that, in its view, it is not necessary to show an injustice or disadvantage under 19 U.S.C.A., section 1520(c)(1) in order to obtain a reliquidation for clerical error.

Plaintiff's motion for rehearing is not correct as to form, under rule 6 of the United States Customs Court, in that the ground stated in the motion upon which it seeks a rehearing (a provision in the General Agreement on Tariffs and Trade) does not appear on the record submitted and, as such, must be supported by an affidavit or affidavits. The motion is not so supported.

The plaintiff was privileged, in its brief at the time the case was submitted and in support of its motion for rehearing, to cite some law that would support its claim for reliquidation for clerical error where it has not shown on the record at the time the case was submitted that it has been disadvantaged or suffered an injustice as a result of the clerical error. The court after diligent search has not been able to find a clerical error case supporting plaintiff's position.

*The purpose of the clerical error provision* is to enable the collector to re liquidate *and* thus *correct injustices which would result from clerical errors.* \* \* \* [Emphasis added.] [*S. Yamada* v. *United States,* 26 CCPA 89, at 93, T.D. 49628 (1938).]

If this be the purpose of the clerical error statute, the court must be apprised of the injustice plaintiff is suffering as a result of the clerical error claimed before it can order a reliquidation.

The decision of the court was not the first time this view was brought to plaintiff's attention. On April 17, 1961, counsel for the Government, Mr. Sklaroff, stated that "\* \* \* the only claim here is that there was a clerical error in the liquidation, and that the entry should be reliquidated under 520(c). There is no indication of any other claim in the protest." (R. 3–4.)

Judge Richardson stated: "Well, I agree with Mr. Sklaroff. I don't see any issue in this case, other than the question of clerical error, and the premature liquidation you have raised." (R. 6.)

Plaintiff's counsel, Mr. Appel, stated: "That, actually, is the only issue before the Court, the only issue raised by this protest." (R. 6.)

It appears that plaintiff made a deliberate election to submit the case without showing to the court what, if any, injustice would result from the clerical error complained of.

The record in *Esso Standard Oil Company* v. *United States,* 30 Cust. Ct. 111, C.D. 1506, shows (1) that the plaintiff, in that case, filed a protest against assessment of ½ cent per gallon under the provisions of 26 U.S.C.A., section 3422 (sec. 3422 of the Internal Revenue Code), claiming a rate of ¼ cent per gallon under terms of the trade agreement with Venezuela (T.D. 50015) *and* (2) *the General Agreement on Tariffs and Trade* (T.D. 51802). Without the introduction into the case of the General Agreement on Tariffs and Trade, the decision indicates clearly that a rate of ½ cent per gallon would have been correct. (3) The witness for the Government in charge of liquidation stated that had he had the letter from the Bureau of Customs on quota, he would not have liquidated at the ½ cent per gallon rate, and that, since receiving the letter from the Bureau advising him on the subject, he felt the liquidation at the ½ cent per gallon rate was a "mistake" and that the rate should have been ¼ cent per gallon.

In this case, (1) there was no claim for a rate of ¼ cent per gallon instead of ½ cent per gallon. In fact, there was no claim for any specific rate. (2) There was no claim under the General Agreement on Tariffs and Trade. (3)

There was no admission of a "mistake" in liquidating at a higher rate than was proper at the time of entry. In fact, the Government and the importer stipulated that even had the liquidation been withheld until the receipt of the Bureau letter of August 16, 1951, advising of the date the quota was filled, the rate and amount of internal revenue tax would have been the "same."

The letter of August 16, 1951, which is made a part of the stipulation, shows that the rate of ½ cent per gallon was applicable after March 16, 1951. The parties have stipulated that the involved importation was entered on May 4, 1951.

If the liquidation of an entry made subsequent to the filling of a quota and subsequent to the receipt of the Bureau letter of August 16, 1951, at the rate of ½ cent per gallon is correct, as it certainly appears to be on the record submitted; and a liquidation prior to the receipt of the Bureau letter, but also subsequent to the filling of the quota is made at the same rate of ½ cent per gallon, the court may assume that the rate of ½ cent per gallon is correct in both situations.

In all prior clerical error cases involving quotas which have come to the attention of the court in which a reliquidation has been ordered, the Government's position has been that, had its employee in the collector's office waited for the instructions in the Bureau letter as to the date the quota was filled, the liquidation would have been "different" and the "injustice" claimed and established or admitted would not have occurred. In none of the cases has there been a stipulation that the rate and amount of tax would be the "same," irrespective of the receipt of the letter from the Bureau of Customs advising the date the quota was filled.

Also, the decision cannot be set aside on the basis of arguments in derogation of the stipulation upon which the parties have submitted the case. "Stipulate" means to arrange or settle definitely, as an agreement or covenant. *Mennen Co.* v. *Krauss Co., Ltd.* (D.C. La., 1941), 37 F. Supp. 161, 163. Black's Law Dictionary, fourth edition. By their stipulation, the parties have so limited judicial inquiry that the court cannot consider facts outside the stipulation and record in this case. Where a stipulation is freely entered into by competent representatives of the parties and the case is submitted and decided, mere mistake in realizing the consequences of the execution of the document is no legal ground for avoiding the document. It is

ORDERED that the motion for an order granting a rehearing herein and restoring the case to the calendar of this court be, and the same hereby is, denied.

### CONCURRING OPINION

DONLON, Judge: I concur with Judge Richardson's decision that plaintiff's motion to set aside the judgment order and reopen this case should be denied.

The motion and the supporting memorandum of plaintiff's counsel raise two issues.

As to the second issue, I would add to Judge Richardson's opinion that I find no authority to support plaintiff's claim that this liquidation which, under section 520, might be subject to reliquidation to correct the clerical error if appropriate facts were shown, is a liquidation which is null and void. This liquidation in 1951, which was erroneous because of a mistake of fact, is nonetheless a valid liquidation. The reach of section 520 does not extend to liquidations that are illegal, but only to liquidations that are factually erroneous.

Although not expressly stated in our opinion on the decision of this case, I find no authority for plaintiff's claim that this liquidation, however inadvertent, was premature as a matter of law. Plaintiff neither argued nor briefed that issue when the case was before us for decision.

In its memorandum in support of the motion for rehearing, plaintiff relies on *United States* v. *Pan American Standards Brands, Inc.* [*C. O. Mason, Inc.*], 51 CCPA 107, C.A.D. 844, affirming *Pan American Standard Brands, Inc.* v. *United States*, 49 Cust. Ct. 129, C.D. 2371. The facts in the two situations are different. There, the claim was that liquidations were void because they were predicated on an unconstitutional and illegal statute. That claim was sustained.

There is nothing in the *Pan American* case that suggests that the doctrine was intended to extend beyond its facts. Here, there is no unconstitutional and illegal statute on which liquidation was predicated. There was a mistake of fact on the part of a clerical employee. Where timely section 514 protest against the liquidation was not filed, section 520 gives importers their sole relief in such cases if, under the statute effective in 1951, there is shown to be injustice caused by the mistake. Here there is no such showing.