(C.D. 3106)

CASTELAZO & ASSOCIATES
INTERNATIONAL PURCHASING Co. } v. UNITED STATES

United States Customs Court, First Division

(Dated September 7, 1967)

*Glad & Tuttle* and *Lawrence & Tuttle* for the plaintiffs.
*Carl Eardley*, Acting Assistant Attorney General, for the defendant.

Before Watson and Beckworth, Judges, and Oliver, Senior Judge

Oliver, Judge: Defendant moves to dismiss the protest in this case on the ground that "it fails to set forth distinctly and specifically the reasons for plaintiff's objection to the decision of the collector," as required by section 514 of the 1930 Tariff Act.

The merchandise was entered at 17 per centum ad valorem under paragraph 31 of the tariff act by virtue of the similitude provisions of paragraph 1559. On July 5, 1963, it was liquidated partly under paragraph 1513 at 35 per centum ad valorem as other dolls, and partly under paragraph 31 by virtue of the similitude provisions of paragraph 1559 as compounds of cellulose, finished or partly finished, at 25½ per centum ad valorem.

On August 29, 1963, the following protest, in pertinent part, was filed against both of the collector's actions:

We claim said merchandise to be dutiable at 31% by virtue of similitude paragraph 1559.

On December 23, 1963, in his report on protest, Customs Form 4297, the collector affirmed his original classification.

It has long been said of a protest, the initial pleading in a customs case, that it need not be couched in legalese or technically phrased language in order to obtain sufficiency in law. What is necessary, however, whatever be the precision of the language used, is that it *fairly* and *accurately* apprise the collector of the objection raised to his action, *point out* the claimed provision, and do this so that an *intelligent* man (presumably briefed in customs parlance) might act accordingly as the law and his responsibilities provide, *Arthur* v. *Morgan*, 112 U.S. 495; *Schell's Executors* v. *Fauché*, 138 U.S. 562) ; *American Mail Line, Ltd.* v. *United States*, 34 CCPA 1, C.A.D. 335. As handed down from earlier judicial holdings, and as codified in section 514 of the tariff act, the test of protest sufficiency is objective in application, implying a reasonable collector standard.

The protest in this case, while listing the action of the collector objected to, fails to communicate a reasonably identifiable provision of the statute under which the merchandise is claimed to be dutiable. It cannot be said that a statement that merchandise is dutiable at 31 percent is a fair and accurate description of a claim under paragraph 31 (the intended claim, *infra*) to which such a rate is not even applicable.

Nevertheless, plaintiff contends that the collector was aware of the importer's claim because (1) he filed his report on protest which does not indicate a doubt as to the issue, and (2) an entry by the same importer, covering similar merchandise and properly protested with a claim of 17 per centum ad valorem under paragraph 31 by similitude, was also liquidated on the same date as the entry in this case.

As to the first contention, since the test of sufficiency is objective in nature, as discussed, *supra*, the mere fact that the collector reviewed and reported on the protest cannot of itself establish a showing that the protest claim was fairly, accurately, or reasonably set forth therein. Nor would the lack of the collector's report necessarily establish the opposite.

As to the separately filed protest, while correctly setting forth the claim sought in this case, it can have no influence on our decision regarding the sufficiency of the protest in issue here. Such a correctly worded protest was not incorporated by reference or mentioned in any way in the statement filed protesting this entry. It is not, therefore, connected in fact and cannot be considered as connected in law. *Schell's Executors* v. *Fauché, supra; Shell Oil Co.* v. *United States*, 54 Cust. Ct. 64, C.D. 2509.

Although Congress has broadly worded the content requirements in section 514 and the courts have been generally liberal in their interpretations thereof, there still remains a minimum, objective standard of care and communication in making out, what is by statutory definition, an initial judicial pleading. When, as here, that easily observable standard has been patently ignored, this court must, and does, order dismissal.

Order and judgment will be entered accordingly.