(C.D. 4152)

SCHENLEY DISTILLERS, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided December 22, 1970)

*Rode & Qualey* (*Ellsworth F. Qualey* of counsel) for the plaintiff.
*L. Patrick Gray, III*, Assistant Attorney General (*Sheila N. Ziff* and *Robert Blanc*, trial attorneys), for the defendant.

Before RICHARDSON, LANDIS, and ROSENSTEIN, Judges; ROSENSTEIN, J., not participating

RICHARDSON, Judge: This case involves the dutiable status of certain whiskey barrels withdrawn from warehouse for consumption after their contents had been emptied into storage tanks while in the warehouse. The essential facts of this controversy are not in dispute. The parties have stipulated that:

1. THAT plaintiff entered under the following Warehouse or Re-Warehouse entries wooden barrels containing whiskey:

| | |
|---|---|
| Re-Warehouse Entry 1735 | April 15, 1965 |
| Re-Warehouse Entry 1736 | April 15, 1965 |
| Re-Warehouse Entry 1737 | April 15, 1965 |
| Warehouse Entry 1863 | June 25, 1965 |
| Warehouse Entry 18 | July 13, 1965 |
| Warehouse Entry 33 | July 21, 1965 |
| Warehouse Entry 34 | July 21, 1965 |

2. THAT thereafter the whiskey contained in certain of said barrels was removed and placed in bonded tanks.

3. THAT when the plaintiff indicated a desire to withdraw the barrels separately from the warehouse, the Port Director refused to permit withdrawal thereof without the filing of applications and permits to manipulate, without the filing of warehouse withdrawals for consumption of the barrels, and without the deposit of estimated duties. All of this was done by plaintiff, *and duty was paid* at 7½ per centum ad valorem (Emphasis added) ;

4. THAT all of said entries, applications and permits to manipulate, and withdrawals and the report on the protest attached to the official papers may be received in evidence without marking;

5. THAT the barrels, the subject of the protest, when imported filled with whiskey, belong to a class of merchandise which are usual or ordinary containers not designed for or capable of reuse.

Plaintiff protests the collector's :

. . . decisions of August 19, 1965 and August 23, 1965, that certain barrels containing whiskey which whiskey was imported under the entries specified below, were subject to treatment as imported articles and requiring the filing of applications and permits to manipulate (Form 3499) and Warehouse withdrawals for consumption (Form 7505) for said barrels and further requiring duty to be paid thereon at the rate of 7½ per centum ad valorem under Item 204.1000 of the Tariff Schedules.

And in said protest plaintiff further claims :

It is claimed that said barrels are the usual or ordinary types of shipping or transportation containers, not designed for or capable of reuse and are therefore not subject to treatment as imported articles under the Tariff Schedules of the United States (General Headnote 6(b)(i)) and that all duty assessed thereon should be refunded.

General Headnote 6(b)(i) which is referred to in the protest reads as follows:

6. *Containers or Holders for Imported Merchandise.* For the purposes of the tariff schedules, containers or holders are subject to tariff treatment as follows :

\*        \*        \*        \*        \*        \*        \*

(b) *Not Imported Empty:* Containers or holders if imported containing or holding aritcles are subject to tariff treatment as follows :

(i) The usual or ordinary types of shipping or transportation containers or holders, if not designed for, or capable of, reuse, are not subject to treatment as imported articles. . . .

On the basis of the stipulated facts plaintiff argues, in support of its protest claims, that since the barrels in question are not to be treated as imported articles under the provisions of General Headnote 6(b)(i), no duty can be assessed against them, calling attention to the fact that

only merchandise which is subject to duty can be entered under a warehouse entry (19 U.S.C.A., section 1557), and that only merchandise entered under a warehouse entry may be manipulated (19 U.S.C.A., section 1562). Defendant contends, first, that the issues raised by the protest herein are moot because plaintiff complied with the conditions imposed by the collector as a condition to permitting withdrawal of the empty whiskey barrels, i.e., the filing of applications and permits to manipulate on customs Form 3499 and the filing of warehouse withdrawals for consumption on customs Form 7505 and deposit of estimated duties; and secondly, that the barrels were imported empty within the meaning of General Headnote 6(a) of the tariff schedules and, as such, were subject to tariff treatment as imported articles, citing as authority the decision of our appeals court in *Marques Del Merito, Inc.* v. *United States*, 36 CCPA 38, C.A.D. 394 (1948).

The collector's answer to the protest herein notes, among other things, that the entries covered by the instant protest have not been liquidated. However, since the claims advanced in the protest relate to decisions of the collector excluding merchandise from delivery, the claims fall within a class of administrative decisions which are protestable prior to liquidation. See 19 U.S.C.A., section 1514.

The difficulty we find with the plaintiff's case is not with the protest *per se*, but is with plaintiff's behavior in the premises in relation to its protest claims. In the stipulation plaintiff admits to having done all of the things required by the collector as a condition to permitting the withdrawal of the empty barrels from the warehouse. But there is nothing in the stipulation to show that plaintiff was under any legal compulsion to do these things as a condition to prosecuting its protest against the decisions of the collector imposing such conditions. And the result is that any decision which the court might render herein favorable to plaintiff would be meaningless insofar as concerns the entries covered by the protest at bar. Such a decision could not prevent the filing of applications and permits to manipulate, or the filing of warehouse withdrawals for consumption, or the deposit of estimated duties in this case. The plaintiff has done all of these things. As this division noted in *Shell Oil Co.* v. *United States*, 54 Cust. Ct. 64, 70, C.D. 2509 (1965), reh. den., 54 Cust. Ct. 387, Abs. 69233 (1965), "The court 'is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it.'" And see and compare *Eurasia Import Co.* v. *United States*, 6 Cust. Ct. 477, Abs. 45015 (1940). We, therefore, agree with defendant that the issues raised by the instant protest have

been rendered moot by the action taken by plaintiff herein. For this reason the protest herein must be dismissed.

Judgment will be entered accordingly.